**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GLORIA BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | |
| | ) | 1:13-cv-02894-WBH |
| WELLS FARGO HOME | ) | |
| MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN RESPONSE TO MOTION TO DISMISS

I.     PLAINTIFF HAS PROPERLY PLED A RESPA VIOLATION

It must be nice to represent Wells Fargo home mortgage when you get to say

things like,

> Furthermore, plaintiff's vague allegations regarding unpaid
>
> taxes and the recording of a tax lien against the property are
>
> baseless in light of the fact that the duly recorded deed records

1

are devoid of any indication that such a lien exists. (See

Dekalb County Deed Records Generally) (emphasis added).

There are no records attached to refute plaintiff's allegations. Under the same

authority as set out in fn.1, plaintiff attaches a fi fa and a notice to levy.

In a most conclusory manner, defendant states that plaintiff has not met the

Twombley-Iqbal standards of pleading. Plaintiff respectfully disagrees. In a series

of cases, Judges of this Court have explained the requirements.

As Judge Thrash explained in Nelson v. Bank of America, N.A., 2012 WL

315400 (N.D.Ga. 2012),

A complaint should be dismissed under Rule 12(b)(6) only

where it appears that the facts alleged fail to state a "plausible"

claim for relief. Ashcroft v. Iqbal 566 U.S. 662, 129 S.Ct. 1937,

173 L.Ed.2d 868 (2009); Fed.R.Civ.P. 12(b)(6). A complaint

may survive a motion to dismiss for failure to state a claim,

however, even if it is "improbable" that a plaintiff would be

able to prove those facts; even if the possibility of recovery is

extremely "remote and unlikely." <u>Bell Atlantic Corp. v. Twombly,</u>

550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations

and quotations omitted). In ruling on a motion to dismiss, the court

must accept factual allegations as true and construe them in the

light most favorable to the plaintiff. *See* <u>Quality Foods de Centro</u>

<u>America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>,

711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice

pleading is all that is required for a valid complaint. *See*

<u>Lombard's Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th

Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct 851, 88 L.Ed.2d

892 (1986). Under notice pleading, the plaintiff need only give

the defendant fair notice of the plaintiff's claim and the grounds

upon which it rests. *See* <u>Erickson v. Pardus</u>, 551 U.S. 89, 93, 127

S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (*citing* <u>Twombly</u>, 550 U.S.

at 555).

Or as Judge Totenberg noted in <u>Stubbs v. Bank of America</u>, 844 F. Supp. 2d 1267, 1268 (N.D.Ga. 2012),

> In determining whether a complaint states a claim upon
> which relief can be granted, courts accept the factual
> allegations in the complaint as true and construe them in
> the light most favorable to the plaintiff. <u>Hill v. White</u>,
> 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion
> to dismiss, a complaint must allege facts that, if true,
> "state a claim to relief that is plausible on its face."
> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct 1937, 1949,
> 173 L.Ed.2d 868 (2009) (quotation marks omitted). A
> claim is plausible where the plaintiff alleges factual content
> that "allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged." *Id*.
> The plausibility standard requires that the plaintiff allege
> sufficient facts "to raise a reasonable expectation that

discovery will reveal evidence" that supports the plaintiff's

claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

And Judge Carnes explains,

As to Rule 8(a)(2), a complaint must contain "a short and

plain statement of the claim showing that the pleader is

entitled to relief." The complaint cannot merely recite the

elements of a cause of action, but must make factual

allegations that are sufficient to raise the right to relief

above the speculative level. *Id.* (citing <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007). Stated another way, the complaint must contain

sufficient factual support to state a claim for relief that is

"plausible on its face." <u>Wooten v. Quicken Loans, Inc.</u>, 626

F.3d 1187, 1196 (11th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>,

556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

A complaint is "plausible" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, a court should "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Am Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir.2010). A properly pled complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

United States ex rel Friddle v. Taylor, Bean & Whitaker Mortg. Corp., 2012 WL 1066910 (N.D.Ga. 2012) slip at 2.

Plaintiff's complaint meets these standards.

The allegations of the complaint regarding damages are set out at paragraphs 6-11. The allegations are enough to set out a cause of action under Davis v. GreenPoint Mortgage Funding, Inc., 1:09-cv-2719 (N.D. Ga. 03/01/11) (Mag.) approved in pertinent part by Judge Cooper (09/19/11)[1]. Davis is uncited by Defendant. Also unmentioned is the important point that the:

> Eleventh Circuit has instructed, as the Magistrate aptly noted, that "RESPA is to be 'construed liberally in order to best serve Congress' intent.' " McLean v. GMAC Mort. Corp., 398 F.App'x. 467, 471 (11th Cir. 2010).

The Magistrate Court opinion is at 2011 WL7070221 (N.D.Ga 2011).

The District Court opinion is at 2011 WL7070222 (N.D.Ga 2011).

(Davis, order of 09/19/11 at page 6). Whatever else Defendant is doing, it is not

asking the Court to construe RESPA liberally.

---

[1] (Davis, order of 09/19/11 at page 6)

In <u>Sutherland on Statutory Construction</u> (section 430), as quoted in <u>Campbell v. Cook</u>, 26 S.W. 486 (Tex. 1894), it is said: "Liberal construction is given to suppress the mischief and advance the remedy. For this purpose, as has already been said, it is a settled rule to extend the remedy as far as the words will admit, that everything may be done in virtue of the statute in advancement of the remedy that can be done consistent with any construction." <u>Accord,</u> <u>Bice ex. rel. Estate of Bice v. United States</u>, 72 Fed.Cl. 432 (Fed.Cl. 2004); <u>Kaplan v. Tabb Associates, Inc.</u>, 657 N.E.2d 1065, 1067 (Ill. App. 1995).

As Judge Rubin summed up,

> Where the nature of an act is remedial, as here, it should be construed liberally in an attempt to provide the remedy, not avoid it.

Starks v. Orleans Motors, Inc., 372 F.Supp. 928, 932 (E.D. La. 1974), aff'd 500

F.2d 1182 (5th Cir. 1974).

Moreover, as Judge Cooper notes, "The pleading of damage claims is

interpreted liberally…." And he cites dicta from McLean, supra that "a plaintiff

may seek non-pecuniary damages as 'actual damages' under

§ 2605(f)(1)(A)." Id. at page 7.

As he concluded at 8-9,

> The Court finds that Plaintiff has adequately pled actual
>
> damage. Plaintiff alleges in her Amended Complaint that
>
> BAC's failure to comply with her QWR has
>
> inconvenienced her and caused her to incur expenses in
>
> seeking the information that BAC refused to provide.
>
> Unlike plaintiffs in many of the cases relied on by BAC,
>
> Plaintiff has not alleged in just a conclusory fashion that
>
> she is entitled to actual damages…. To the contrary, she
>
> specifically seeks to recover for the inconvenience

caused by BAC's alleged RESPA violation[2]….

Moreover, while Plaintiff has not identified the specific

expenses she incurred seeking the information that BAC

refused to provide, the Court nevertheless finds that

Plaintiff's allegation, taken as true, is sufficient enough

'to raise the right to relief above the speculative level.'

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 …

(2007).[3]

See also the Davis recommendation of 03/01/11 at 33-35.

Given the allegations of 8-11, only a mortgage company could

suggest there is no causal allegation between what the defendant did

---

[2] See paragraph 9 of the complaint.
[3] Defendant does not cite McLean's dicta on emotional damages, but McLean does cite to Banai v. Secretary, H.U.D., 102 F.3d 1203, 1207 (11th Cir. 1997), a Fair Housing Case that allows "actual damages, includ[ing] anger, embarrassment, and emotional distress" as does the FDCPA, see e.g. Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D. Del. 1991). See also Minnifield v. Johnson & Freedman, No. 11-10347 (11th Cir. 10/28/11). Judge Cooper cites a number of cases at page 8 of his order allowing such damages. Defendant's argument at page 11 relying on California cases and cases under the Privacy Act have no merit. See also Levine v.

and the fact that the plaintiff is facing levy on her home for unpaid

taxes that the defendant was supposed to pay.

The law is not as callous as the defendant. cf. Fleet Mortgage

Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir 2004). In re Ocasio,

272 BR 815 (BAP 1st Cir 2002). In re Covington, 256 BR 463, 466-

467 (D.S.C. 2000)

A person facing a levy on her home might be expected to be

upset, frightened, or angry ----- particularly when the defendant was

supposed to be paying the taxes.

The allegations in paragraph 11 are fully supported by Judge Walker's

recommendation in Davis, supra at 34-35 and Judge Cooper's decision in Davis at

7-8.

In Davis, Judge Walker relied on Speaker v. U.S. Dept. of Health and

Human Services Ctrs., 623 F.3d 1371, 1383 (11th Cir. 2010):

As to the actual damages requirement in element four,
this Court has held that "'actual damages' as used in the
Privacy Act permits recovery only for proven pecuniary
losses and not for generalized mental injuries, loss of
reputation, embarrassment or other non-quantifiable
injuries." Fitzpatrick v. IRS, 665 F.2d 327, 331 (11th
Cir.1982), abrogated on other grounds by Doe v. Chao,
540 U.S. at 616, 124 S.Ct. at 1206. Speaker's allegations,
taken as true for purposes of a Rule 12(b)(6) motion,
satisfy this requirement. See, e.g., Am. Compl. ¶ 114
(alleging that Speaker suffered "both pecuniary and non-
pecuniary losses"); id. ¶ 115 (alleging that CDC
disclosures "had a substantial economic and
noneconomic impact upon his livelihood," including loss
of prospective clients as an attorney); id. ¶ 116 (alleging

"considerable economic and non-economic damage to his

personal and professional reputation").

Plaintiff has properly pled a violation of RESPA.

## III. THE GFBPA APPLIES TO THIS CASE

O.C.G.A. § 10-1-396(1) provides:

Actions or transactions specifically authorized under

laws administered by or rules and regulations

promulgated by any regulatory agency of this state or the

United States.

This statute does not stretch as far as Defendant would wish. There is one

Georgia case interpreting this section and that is Chancellor v. Gateway Lincoln-

Mercury, Inc., 233 Ga. App. 38 (1998)[4] which essentially reads the words

"specifically authorized" from the statute. See Georgia Inv. Co. v. Norman, 229

---

[4] Indeed, having held that the Act did not apply, id. at 44, the discussion is dicta.

13

Ga. 160, 162 (1972). Indeed, the decision is contrary to O.C.G.A. § 10-1-391(b)

because 15 U.S.C. § 1607(c) specifically makes a violation of the Truth in Lending

Act an FTC violation. More to the point, it is impossible to square Chancellor with

1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga. App. 457, 459 (2007)

(violation of FDCPA, violation of the GFBPA) and Arrow Financial Services, LLC

v. Wright, 311 Ga. App. 319 (2011) or Henderson v. Gandy, 280 Ga 95 (2005)

(business practice of doctor covered).

Werner cites Garner v. Academy Collection Service, Inc., 2005 WL 643680

(N.D. Ga. 2005). Garner specifically holds that Capital One Bank is subject to the

GFBPA.

By statute O.C.G.A. § 10-1-391(a), the GFBPA is to be construed liberally.

See Starks, supra and the discussion supra at page 9. Chancellor did not do so.

O.C.G.A. § 10-1-391(b) provides:

> It is the intent of the General Assembly that this part be
>
> interpreted and construed consistently with
>
> interpretations given by the Federal Trade Commission in

14

> the federal courts pursuant to Section 5(a)(1) of the
>
> Federal Trade Commission Act (15 U.S.C. Section
>
> 45(a)(1)), as from time to time amended.

This provision of the Georgia Fair Business Practices Act has been construed broadly. It has not been required to show a district court opinion or circuit court opinion in which the FTC was a party for the Courts of Georgia to follow FTC precedent and practice.

For example, in 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga. App. 457 (2007), the Court followed the FTC Act:

> So, interpreting and construing the FBPA consistently
> with interpretations of the Federal Trade Commission
> Act, the trial court correctly ruled that Nationwide's
> violation of the FDCPA also constituted a violation of the
> FBPA.

288 Ga. App. at 460.

This administrative judgment of the reach of the GFBPA is entitled to "great weight." Mason v. Service Loan & Finance Co., 128 Ga. App. 828, 831-832 (1973); Sultenfuss v. Snow, 35 F.3d 1494, 1502-1503 (11th Cir. 1994).

15

Indeed, the GFBPA is routinely applied to "heavily regulated industries." One example comes from the statute itself. See O.C.G.A. § 10-1-393(b)(15). Yet the Department of Transportation regulates odometer disclosures. 49 C.F.R. § 580.1 et seq. Used cars, see e.g. Attaway v. Tom's Auto Sales, Inc., 144 Ga. App. 813 (1978), are covered by the GFBPA despite extensive regulation by the FTC, 16 C.F.R. § 455 et seq. Even the entrepreneurial aspects of a doctor's practice are covered, see Henderson v. Gandy, 280 Ga. 95 (2005), despite the heavy regulation by the Georgia Composite Medical Board. And of course, even though the FTC heavily regulates debt collection, such activities are also covered.[5]

The FTC has routinely sued mortgage lenders for unfair and deceptive trade practices. In re Lomas Mortgage USA, Inc., 5 Trade Reg. Rep. (CCH), para. 23, 419 (FTC C-34621993) (consent order); FTC v. Nationwide Mortgage Co., 5 Trade Reg. Rep. (CCH), para. 22, 540 (D. D.C. 1988) (consent order); FTC v.

---

[5] Instead of taking the position that industries repeatedly regulated by the FTC are exempt, the Agency has adopted FTC rules as part of the GFBPA. See Reg. 122-2-01; 122-3-01; 122-4-01; 122-5-01; and 122-6-01. Is it really the law if the consumer sues a defendant under these regulations, that the defendant has an absolute defense because the FTC heavily regulates the areas covered by these regulations?

Stewart Finance Company Holdings, Inc., 03-cv-2648 (N.D. Ga. 2003) (consent

order); In re Superior Mortgage Corp., 140 FTC 926 (2005) (consent order); In re

Fleet Finance, Inc., 128 FTC 479 (1999) (consent order). At

http://www.ftc.gov/opa/2002/07/subprimelendingcases.shtm, the FTC lists over 20

cases in which enforcement actions were brought against mortgage lendees. See

also In re Rodgriuez, 695 F.3d 360 (5th Cir 2012).

     Indeed, the Georgia Office of Consumer Affairs has itself obtained an

extensive settlement agreement with Fleet Finance.[6]

     A fair reading of O.C.G.A. § 10-1-396(1) (let alone a "liberal" reading) does

not preclude the GFBPA's application to conduct regulated by other laws, but only

allows the defendant to assert compliance with other laws as defense. See e.g.

Shields v. Lefta, Inc., 888 F.Supp. 894, 898 (N.D. Ill. 1995) citing Lanier v.

Associates Finance, Inc., 499 N.E.2d 440, 447 (Ill. 1996); Gibson v. Bob Watson

Chevrolet-Geo, Inc., 112 F.3d 283, 287 (7th Cir. 1997); People ex rel. Spitzer v.

---

[6] A Copy of the settlement is attached.

G.E. Co., Inc., 756 N.Y.S.2d 520 (N.Y. A.D. 2003); Investigators, Inc. v. Harvey, 633 P.2d 6, 9 (Ore. App. 1981); Therrien v. Resource Financial Group, Inc., 704 F.Supp. 322, 328 (D. N.H. 1989).

Defendant cites a number of cases in support of its contention. In Zinn v. GMAC Mortg., 2006 WL 418437 (N.D. Ga. 2006), a pro se case, plaintiff made no objection whatsoever to the Magistrate's GFBPA ruling (Doc. 21), see e.g. Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988). Thus, the decision is dicta. Compare Bounds v. Smith, 430 U.S. 817, 826, 97 S.Ct. 1491 (1977) ("In fact, one of the consolidated cases here was initially dismissed by the same judge who later ruled for respondents, possibly because Younger v. Gilmore was not cited."). Given the date of Brogden or Zinn, neither case had occasion to consider either Henderson or Werner.  Moreover, the FTC and the Office of Consumer Affairs have never indicated an intention to regulate the level of treatment at long-term care facilities.

Courts interpreting unfair business statutes regularly allow such claims to be based on a violation of RESPA. See Washington Mut. Bank, FA v. Superior Court,

89 Cal.Rptr.2d 560 (Cal. App. 1999); <u>McKell v. Washington Mut., Inc.</u>, 49 Cal.Rptr.3d 227, 247-249 (Cal. App. 2006). <u>See</u> <u>also</u> <u>Tandiam v. NovaStar Mortg., Inc.</u>, 2005 WL 1287996 (W.D.Wash 2005) slip at 4. Indeed 12 U.S.C. §2616 says that RESPA says that state laws are unaffected.

It is also regularly held that Defendant's actions may violate both RESPA and the state fair business practices act. <u>See</u> <u>Chow v. Aegis Mortg. Corp.</u>, 286 F.Supp.2d 956 (N.D. Ill. 2003); <u>Jenkins v. Mercantile Mortg. Co.</u>, 231 F.Supp.2d 737 (N.D. Ill. 2002); <u>Fardella v. Downey S&L Ass'n</u>, 2001 WL 492442 (N.D. Cal. 2001); <u>Gardner v. First Am. Title Ins. Co.</u>, 2001 U.S. Dist. LEXIS 21839 (D. Minn. 2001); <u>Christakos v. Intercounty Title Co.</u>, 196 F.R.D. 496 (N.D. Ill. 2000). <u>See</u> <u>generally</u> <u>Pierce v. NovaStar Mortgage</u>, 422 F.Supp.2d 1230 (W.D. Wash. 2006).[7]

---

[7] <u>Compare</u> <u>Weatherman v. Gary-Wheaton Bank</u>, 713 N.E.2d 543 (Ill. App. 1999) (compliance with RESPA a defense to state claim).

Given that the G.F.B.P.A. is to be liberally read and given the F.T.C. and Office of Consumer Affairs Practices as well as <u>Werner</u> and <u>Henderson</u> the G.F.B.P.A. claim is proper.

IV. DEFENDANT'S ACTIONS AFFECT THE MARKET PLACE

Defendant also reads the requirement of consumer market place too narrowly.

In <u>Werner</u>, <u>supra</u> the Court replied to an identical argument,

> "The consumer credit industry is one of the largest
> financial sectors of the U.S. economy and heavily
> impacts the market place by affecting the general
> public's ability to obtain goods and services."
> Misrepresenting consumers' financial indebtedness to
> others or falsely reporting consumers' credit histories has
> a potential adverse effect on the consumer marketplace
> and the economy in general. As such, collecting a debt
> incurred during a consumer transaction could harm the

> general consuming public if conducted via deceptive acts
>
> or practices and clearly falls within the parameters of the
>
> FBPA.

(footnotes omitted). There was no requirement that Plaintiff show other consumers

were harmed. 288 Ga. App. at 459. As the Court noted in Garner v. Academy

Collection Services, Inc., 2005 WL 643680 (N.D. Ga. 2005) (cited by Werner),

> Plaintiff's transactions with Capital One and Academy
>
> are consumer transactions within the FBPA's scope
>
> because they involved the sale and purchase of a service-
>
> the extension of credit and the associated administration
>
> and collection of the debt-for Plaintiff's personal or
>
> household purposes. *See id.* at *3. Furthermore, Capital
>
> One's extension of revolving credit to Plaintiff via a
>
> credit card account and Academy's efforts to collect the
>
> debt Plaintiff incurred on that account represent the type

of consumer transactions that could harm the general

consuming public if conducted via deceptive acts or

practices. The consumer credit industry is one of the

largest financial sectors of the U.S. economy and heavily

impacts the market place by affecting the general public's

ability to obtain goods and services. See In re Eashai, 167

B.R. 181, 185 (B.A.P. 9th Cir.1994) ("Our consumer

economy would founder if credit card transactions were

not carried on in good faith."); In re Hodge, 220 B.R.

386, 392 (Bankr.D.Idaho 1998) (characterizing "[t]he

flow of consumer credit [as] the very lifeblood of the

national economy"). Capital One is no small player in

this industry, and collection agencies like Academy play

a vital role in ensuring the stability of the consumer

finance market.

If, as Plaintiff fairly alleges in this suit, Capital One and

Academy misrepresent consumers' financial indebtedness

to consumers and others, negligently account for or

process consumers' payments on credit card accounts, or

falsely report consumers' credit histories, it is no stretch

to imagine the potential adverse affect on the consumer

marketplace and the economy in general. Moreover,

Plaintiff alleges in this case that no fewer than four

separate business entities-Capital One, Academy, Arrow,

and NCO-quickly became involved in her consumer

transaction and shared with each other sensitive credit

information that was false and misleading. The Court

cannot say that such practices in the robust consumer

credit industry, if deceptive, "could not affect the general

consuming public" or "ha[ve] no potential for harm to the

general consuming public." Marrale, 2005 WL 109028,

at *3-*4; *see also id.* at *6 ("If the public consumer

interest would be served, one instance of an unfair or

deceptive act or practice is a sufficient basis for a claim

under the FBPA.") (citations omitted).

Indeed one need only look to 12 U.S.C. § 2601(a) to discern the effect on the

consuming public. See Schuetz v. Banc One Mortgage Corp., 292 F.3d 1004,

1008-1009 (9th Cir. 2002).

Indeed five years after the massive bailout of the mortgage industry, one

would have to say that the mortgage industry "is one of the largest financial sectors

of the U.S. economy and heavily impacts the market place by affecting the general

public's ability to obtain goods and services." Id.[8]

The Defendant's argument is without merit.

_____

[8] Presumably this explains the rationale behind the decisions cited above which find RESPA
violations can be unfair business practices.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Ga. Bar No. 299475
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
2167 Northlake Pkwy. Ste. 103
Tucker, GA 30084
(770) 670-7343
(770) 670-7344 FAX

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GLORIA BREWER, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| Plaintiff, | ) | 1:11-cv-03912-RLV |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO HOME | ) | |
| MORTGAGE, INC. | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on this day counsel of record for the opposing party in the foregoing matter was served with a copy of this document by depositing in the United States Mail copies of the same in properly addressed envelopes with adequate postage thereon or by notification of electronic filing.

Jennifer L. Ervin
3414 Peachtree Road. Ste. 1600
Atlanta, GA 30326

This 4th day of October, 2013.

26

Goldberg & Cuvillier, P.C.                     /s/ Ralph Goldberg
2167 Northlake Pkwy. Ste. 103                  Ralph Goldberg
Tucker, GA 30084                               Ga. Bar No. 299475
(770) 670-7343                                 Attorney for Plaintiff
(770) 670-7344 FAX

**<u>Font Certificate</u>**

The undersigned counsel for plaintiff hereby certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

This 4th day of October 4, 2013

<u>/s/ Ralph Goldberg</u>
Ralph Goldberg
Ga. Bar No. 299475
Attorney for Plaintiff