IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLORIA BREWER,<br>    Plaintiff, | :<br>: |
| v. | : CIVIL ACTION NO.<br>: 1:13-CV-2894-WBH |
| WELLS FARGO HOME<br>MORTGAGE, INC.,<br>    Defendant. | :<br>:<br>:<br>: |

## ORDER

This matter is before the Court for consideration of the Defendant's motion to dismiss the complaint because Plaintiff has failed to state a claim for relief. [Doc. 5]. After careful consideration of the parties' arguments, this Court concludes that the motion is due to be granted in part and denied in part.

## Background

In her complaint, Plaintiff alleges the following: she owns a home that is secured by a mortgage loan. Defendant services the loan. Under the terms of the loan, the lender is required to pay property taxes out of an escrow account that is funded by Plaintiff's mortgage payments. Defendant failed to pay taxes in 2012, and, after receiving notice of the tax delinquency, Plaintiff sent a qualified written request under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2605 et seq.

Defendant did not respond to the request, a lien was placed on the property, and, as a result of Defendant's failure to respond, Plaintiff suffered damages. Plaintiff asserts claims under RESPA and under the Georgia Fair Business Practices Act (FBPA) O.C.G.A. § 10-1-393.

Defendant has filed a motion to dismiss, arguing that Plaintiff's RESPA claim fails because Plaintiff has not properly established the damages she suffered as a result of Defendant's purported RESPA violation and that Plaintiff's FBPA claim fails as a matter of law.

## Discussion

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard for stating a claim for relief in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

RESPA

With respect to Plaintiff's RESPA claim, this Court concludes that the complaint alleges a claim sufficient to survive Defendant's motion to dismiss. In order to prevail in her RESPA claim, Plaintiff must establish: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a qualified written request consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages. Plaintiff's complaint alleges each of these elements.

Defendant argues that Plaintiff's allegation of damages is not sufficient. Defendant cites to McLean v. GMAC Mortg. Corp., 398 F. Appx 467, 471 (11th Cir. 2010), for the proposition that Plaintiff must present "specific evidence to establish a causal link between the financing institution's violation and their injuries" and "must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a . . . violation occurred supports an award for compensatory damages." This Court notes, however, that the Eleventh Circuit in McLean was affirming a district court's entry of summary judgment against a plaintiff after concluding that the plaintiff had failed to establish sufficient evidence of damages. At the motion to dismiss stage, there is no evidentiary burden.

Having reviewed the complaint, this Court concludes that Plaintiff has stated a RESPA claim that meets the Iqbal/Twombly standard and is sufficient to put Defendant on notice of the claims against it.

FBPA

In her complaint, Plaintiff's assertions of an FBPA violation are limited to Defendant's RESPA violation and Defendant's failure to pay Plaintiff's property taxes. "The FBPA prohibits '[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.'" Sheppard v. Bank of Am., NA, 542 Fed. Appx. 789, 793 (11th Cir. 2013) (citing O.C.G.A. § 10–1–393(a)). "A prerequisite to stating a claim for relief under the [FBPA] is the commission of some unfair act or deceptive practice, from which the Act is designed to protect the public." Rivergate Corp. v. McIntosh, 421 S.E.2d 737 (Ga. Ct. App. 1992); see also Paulk v. Thomasville Ford Lincoln Mercury, 732 S.E.2d 297 (2012) ("[A] claim under the [FBPA] requires a showing that a defendant committed a volitional act constituting an unfair or deceptive act or practice conjoined with culpable knowledge of the nature (but not necessarily the illegality) of the act.") (citations and punctuation omitted.). A RESPA violation and a breach of a contractual

4

obligation to pay property taxes by a lender do not, without more, constitute unfair or deceptive practices.

Moreover, "[a]s construed by Georgia courts, it appears the FBPA does not apply to transactions that occur in regulated areas of activity, such as *loan lending and servicing*." Sheppard, 542 Fed. Appx. at 793 (emphasis added).  This Court thus concludes that Plaintiff has failed to state a claim for an FBPA violation.

## Conclusion

For the reason stated,

**IT IS HEREBY ORDERED**, that Defendant's motion to dismiss, [Doc. 5], is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's claim brought pursuant to the Georgia Fair Business Practices Act is hereby **DISMISSED** for Plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED**, this 5th day of June, 2014.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)